Liu v. Blanche

BIA
A076 506 360

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand twenty-six.

PRESENT:
>  REENA RAGGI,
>  JOSEPH F. BIANCO,
>  MARIA ARAÚJO KAHN,
>   *Circuit Judges.*

_____

XI DA LIU,

>  *Petitioner,*

>  v.                                                 23-6941
>                                                       NAC

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,

>  *Respondent.**

_____

\*   The Clerk of Court is respectfully directed to amend the caption as set forth above.

_____

**FOR PETITIONER:**           Gary J. Yerman, Esq., New York, NY.

**FOR RESPONDENT:**           Brian M. Boynton, Principal Deputy Assistant
                              Attorney General; Kohsei Ugumori, Senior
                              Litigation Counsel; Jesse D. Lorenz, Trial
                              Attorney, Office of Immigration Litigation,
                              United States Department of Justice,
                              Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xi Da Liu seeks review of a July 28, 2023 decision of the BIA denying his motion to reopen his removal proceedings. *In re Xi Da Liu*, No. A076 506 360 (B.I.A. July 28, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We generally review the BIA's denial of a motion to reopen for abuse of discretion and underlying factual findings for substantial evidence, *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008), but we review de novo

_____

Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Pamela Bondi as Respondent.

2

constitutional claims and questions of law, *Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011).

There is no dispute that Liu's motion to reopen was untimely because he filed it more than 17 years after his removal order became final. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day deadline). And he moved to reopen to apply for cancellation of removal, so his motion did not fall into a statutory or regulatory exception to the deadline. *See id.* § 1229a(c)(7)(C) (listing exceptions); 8 C.F.R. § 1003.2(c)(3) (same); *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009).

Equitable tolling may excuse the time limitation but requires a movant to show "that some extraordinary circumstance stood in h[is] way." *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023) (internal quotation marks and citations omitted). We find no error in the BIA's conclusion that equitable tolling did not apply in Liu's circumstances. Liu was not wrongly prevented from applying for cancellation of removal in his underlying proceedings or in a timely motion to reopen because he did not become eligible for that relief until years after his removal proceedings concluded. Indeed, although *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), clarified that Liu continued to accrue physical presence in the United States after service of his notice to appear because that notice omitted a

3

hearing date, he entered the United States in 2000 and would not have accrued the ten years of presence required for cancellation before his removal order became final in 2004 or before the time to seek reopening expired. *See* 8 U.S.C. § 1229b(b)(1)(A). Because Liu failed to demonstrate extraordinary circumstances as required to warrant equitable tolling, the BIA did not err in denying his motion to reopen as untimely. Accordingly, we need not reach the BIA's alternative determination that he did not establish his prima facie eligibility for cancellation of removal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *Jian Hui Shao*, 546 F.3d at 168 (recognizing that untimeliness and failure to establish prima facie eligibility for relief are independent bases for denying motions to reopen).

The only remaining basis for reopening was the BIA's discretionary authority to reopen under 8 C.F.R. § 1003.2(a). We lack jurisdiction to review that decision, *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006), except that we may remand if the BIA "misperceived the legal background" and denied sua sponte reopening based on an erroneous determination that a petitioner was not eligible for the relief sought, i.e., that "reopening would necessarily fail," *Mahmood v.*

4

*Holder*, 570 F.3d 466, 469 (2d Cir. 2009). The BIA did not decline to reopen sua sponte based on Liu's failure to establish his eligibility for relief; it explained in accordance with its regulations and precedent that its discretionary authority to reopen was not a means to avoid enforcement of the time limits on motions and that reopening was not required even if a movant established prima facie eligibility for relief. *See* 8 C.F.R. § 1003.2(a) ("The Board has discretion to deny a motion to reopen even if the moving party has made out a prima facie case for relief."); *In re J-J-*, 21 I. & N. Dec. 976, 984 (B.I.A. 1997) ("The power to reopen on our own motion is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship."). And the BIA did not misperceive the law because becoming potentially eligible for relief from removal years after being ordered removed is not alone an exceptional circumstance. *See id.* at 984–85.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5